**In re Janice E. DEVALL, Route 1, Box 337–C Phenix City, AL 36867, Debtor.**

**Bankruptcy No. 80–00156.**

United States Bankruptcy Court,
M. D. Alabama.

Nov. 4, 1980.

Calvin Pryor, Asst. U. S. Atty., Montgomery, Ala., for movant United States.

Sam E. Loftin, Phenix City, Ala., for debtor.

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited, unless otherwise noted, are to

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

The debtor, Janice E. Devall, filed a case under Chapter 13 of the Bankruptcy Code [1] in this court on January 28, 1980. She filed therewith a plan to pay her creditors in full during an extension period out of her income consisting of Social Security benefits and child support payments. The plan was duly confirmed and thereafter an order was issued by this court to the Social Security Administration ordering it to withhold from the debtor's benefits as income an amount sufficient to carry out the terms of her plan and to forward these funds to the standing trustee for Chapter 13 cases.

■ This matter is now before the court on the motion of the Social Security Administration to set aside this order. The motion alleges that this court lacks jurisdiction over the Social Security Administration and the benefits due from it to this debtor. Title 28 of the United States Code provides a broad grant of jurisdiction to the United States Bankruptcy Court. Section 1471 of that title provides in part:

(e) The bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction over all of the property, wherever located, of the debtor, as of the commencement of such case.

The commencement of a case under the Bankruptcy Code creates an estate which is comprised of all of the property of the debtor and includes all property in which the debtor has any legal or equitable interests. 11 U.S.C. § 541. Subsection (c) specifically includes any interest of the debtor *notwithstanding any provision that restricts or conditions transfer of such interest by the debtor.* (Emphasis added.) Section 1306 renders Section 541 applicable in Chapter 13 cases and expands this definition of property of the estate to include all such property that the debtor may acquire after the commencement of the case and throughout its pendency. The right to receive Social Security benefits is a legal or

Title 11, United States Code, the Bankruptcy Code.

equitable interest. *In re Buren*, 6 B.R. 744 (D.C. MD Tenn.1980).[2] It follows that these benefits are property of the estate and thus under the jurisdiction of the bankruptcy court.

Individuals with regular income are eligible for relief under Chapter 13. An individual with regular income is defined in Section 101(24) as "... an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title ...." The legislative history of the Code clearly indicates that persons who receive pensions, welfare, and various government provided benefits qualify as "individuals with regular income". As noted in *Buren*, *supra*, both the House and Senate committee reports contain the following comment:

> "Thus, individuals on welfare, social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy." H.R. 95–595, 95th Cong., 1st Sess. at 312 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6269, and S.R. 95–989, 95th Cong., 2nd Sess. at 24, U.S.Code Cong. & Admin.News 1978, 5878, 5810.

Thus, Congress clearly manifested an intent to make Chapter 13 relief available to debtors dependent on Social Security income as is the case here. If these benefits are income which would qualify an individual to file under Chapter 13, it must be concluded that the benefits are property of the estate and thus subject to the jurisdiction of this court.

Under Section 522 of the Code the debtor may elect to claim Social Security benefits as exempt from the property of the estate. Chapter 13 cases are voluntary and under the provisions of Section 1307 remain voluntary during the pendency of the case. This debtor has petitioned this court for relief under Chapter 13 and has thereby committed a portion of her Social Security benefits to the fulfillment of her plan. If, in view of the provisions of Sections 1306 and 1322, there is any option under Section 522 to claim these benefits accruing during the pendency of her case as an exemption, the option is personal to the debtor as it exists for the debtor's benefit only. *In re Buren, supra*. The Social Security Administration cannot exercise this option for the debtor in order to avoid complying with this court's order and thereby not making the necessary deductions to fund this debtor's Chapter 13 plan.

■ As to the argument of the Social Security Administration that this court lacks jurisdiction to issue the income deduction order to the Social Security Administration, Section 1325(b) specifically empowers bankruptcy courts to issue such orders.

> (b) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

Section 101(14) defines "entity" to include person, estate, trust, and governmental unit. Section 101(21) defines "governmental unit" to include any department, agency, or instrumentality of the United States. The Social Security Administration is obviously a governmental unit and thus is an entity under the Bankruptcy Code.

Inasmuch as Section 1325(b) specifically applies to departments, agencies, and instrumentalities of the United States, it is a waiver of sovereign immunity as to income orders issued by the bankruptcy courts thereunder.

The Social Security Administration contends that nonbankruptcy law operates to exclude these benefits from property of the estate in that Title 42, United States Code, Section 407, provides that the benefits in question shall not be subject to "execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." This may have been the case under prior bankruptcy law,

---

**2.** Affirming the bankruptcy court's decision in *In re Buren*, 4 B.R. 109 (Bkrtcy. MD Tenn. 1980).

**44**

but it appears that Section 541(c)(1)(A) of the Bankruptcy Code eliminates such restrictions which may be imposed by nonbankruptcy law. *In re Howell*, 4 B.R. 102 (Bkrtcy. MD Tenn. 1980), and *In re Buren, supra.*

The related argument that the provisions of 42 U.S.C. § 407 are not repealed by the Bankruptcy Code is erroneous. Restrictions on assignment, garnishment, attachment, and the like, are found in numerous other statutes; for example, 5 U.S.C. § 8130, protecting payments under the Federal Employees Compensation Act, and 38 U.S.C. § 3101, protecting payments made under any law administered by the Veterans Administration. These sections and many other like sections were not specifically repealed by the Bankruptcy Reform Act of 1978. As was pointed out by the comment from the legislative history above, it would appear extremely doubtful that Congress intended to eliminate the availability of Chapter 13 relief to such a substantial segment of the populace as might be receiving such benefits.

In its opinion affirming the bankruptcy court in *Buren, supra,* the district court pointed out that prior special statutes may be repealed or limited by implication from the enactment of a later general statute when the legislative intent to affect a repeal or limitation is clearly expressed. It was further pointed out by the court that a repeal or limitation may result when a comprehensive revision of a particular subject is promulgated. This court cannot but agree with the following statement of the district court in *Buren*:

> The comprehensive revision of the bankruptcy laws by Congress and its clear intent to include Social Security benefits in the property of a debtor's estate, at the debtor's option, effects a repeal of 42 U.S.C. § 407 insofar as it conflicts with the Bankruptcy Code.

The motion of the Social Security Administration to set aside the income order directed to it in this case is due to be denied. An appropriate order in conformance with the above will be entered this date.