**In re Brenda J. KAHN, Debtor.**

**Bankruptcy No. 80–01550.**

United States Bankruptcy Court,
M. D. Alabama.

Sept. 18, 1981.

John A. Sieger, Houston, Tex., for movant.

George W. Cameron, Montgomery, Ala., for debtor.

## ORDER

LEON J. HOPPER, Bankruptcy Judge.

The debtor filed a case under Chapter 13 of the Bankruptcy Code[1] in this court on September 18, 1980. The plan filed therewith was duly confirmed. The debtor moved to Texas where she is currently employed by Panhandle Eastern Pipeline Company (hereinafter Panhandle). The court issued an income deduction order to this employer as provided by Section 1325(b) of the Bankruptcy Code. This matter is now before the court on the motion of Panhandle requesting the court to rescind the income deduction order of August 11, 1981.

Panhandle argues that it is immune from such orders by virtue of Section 28 of Article 16 of the Texas Constitution which provides that wages for personal services are not subject to garnishment. An order from this court requiring an employer to withhold moneys from a debtor's wages and forward them to the trustee to fund the debtor's plan is not a garnishment. A garnishment is a legal proceeding by a creditor, auxiliary to a judgment in a principal action, to satisfy the judgment out of property or credits of the debtor in possession of a third person.

Chapter 13 of the Bankruptcy Code is a wholly voluntary rehabilitative vehicle for the debtor as Section 1307(b) of the Code provides that a debtor may have his or her Chapter 13 case dismissed at any time. Section 1322 requires that a debtor's plan shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. Thus, this debtor has voluntarily committed a portion of her income to the fulfillment of her plan.

Section 1325(b) specifically empowers the bankruptcy court to issue orders such as the one issued to Panhandle. This is a Congressional exercise of its constitutionally granted powers. U.S.Const. art. I, § 8, cl. 4. If there is any conflict between the provisions of the Bankruptcy Code and the laws of Texas, then the laws of Texas must yield to the supremacy of federal law. U.S.Const. art. VI, cl. 2; *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

It is clear that the provisions of the Code are superior to state or prior conflicting federal laws. Section 1325(b) has been held to be superior to federal laws barring assignment or attachment. *In re Buren*, 6 B.R. 744, 3 CBC 2d 48, CCH Bankr.L.Rep. ¶ 67,679 (Dist.Ct., M.D.Tenn.1980); *In re Devall*, 9 B.R. 41, CCH Bankr.L.Rep. ¶ 67,-875 (Bkrtcy.M.D.Ala.1981); *In re Howell*, 4 B.R. 102, 2 CBC 2d 177 (Bkrtcy.M.D.Tenn. 1980); *In re Dawson*, 13 B.R. 107, CCH Bankr.L.Rep. ¶ 68,246 (M.D.Ala.1981); and *In re Penland*, 11 B.R. 522, 4 CBC 2d 969 (Bkrtcy.N.D.Ga.1981).

The motion of Panhandle Eastern Pipeline Company requesting this court to quash and rescind its income deduction order of August 11, 1981, is due to be denied.

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited, unless otherwise noted, are to Title 11, United States Code, the Bankruptcy Code.