**In re Thomas K. LEASK and Sandra K. Leask, Debtors.**

**Bankruptcy No. 96–40066.**

United States Bankruptcy Court, E.D. Texas, Sherman Division.

April 2, 1996.

Ronald Gaswirth, Gardere & Wynne, L.L.P., Dallas, Texas, for Fritz Industries, Inc.

Brad Campbell, Campbell & Williams, L.L.P., Dallas, Texas, for Debtors.

## *OPINION*

DONALD R. SHARP, Bankruptcy Judge.

COMES NOW before the Court, Fritz Industries, Inc.'s ("Fritz") Motion to Stay, Set Aside or Modify Garnishment Order ("Motion"). This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

Thomas K. Leask, one of the debtors in the above-captioned case ("Debtor"), is employed by Fritz.

On January 19, 1996, an Order Directed to Debtors Employer ("Order") was entered by this Court in connection with Debtor's Chapter 13 Plan. The Order directs Fritz to deduct from the Debtor's current wages the sum of $375.00 per month and to remit such sum to Michael Gross, the Chapter 13 Trustee ("Trustee").

Fritz received a copy of the Order by certified United States mail with a letter dated January 24, 1996, from the Trustee. Fritz claims to have received no notice of the Debtor's bankruptcy or of any hearing in connection with the relief granted in the Order prior to receipt of the Trustee's letter.

Fritz filed the present Motion asserting that the Order was unconstitutional. Garnishment of wages is governed, in part, by the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1671 *et seq.* The general federal limitations on garnishment do not apply in Chapter 13 bankruptcy cases. 15 U.S.C. § 1673(b)(1)(B). However, the CCPA does not annul, alter, or affect the laws of any State prohibiting garnishments or providing for more limited garnishments than are allowed under the CCPA. 15 U.S.C. § 1677.

Texas law provides for more limited garnishments than are allowed under the CCPA and is more favorable to the Debtor. Garnishment is constitutionally prohibited in Texas: "No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered child support payments." Tex. Const. art. XVI, § 28.

Consequently, Fritz asserts the Order directing Fritz to withhold payments from Debtor's income is an unconstitutional garnishment order under Texas law. The Court disagrees.

 The purpose of the Texas constitutional provision is to insulate wage earners from involuntary garnishment and to protect their means of livelihood. *U.S. v. Fleming,* 565 S.W.2d 87 (Tex.Civ.App.1978). Nothing prohibits a wage earner from voluntarily submitting his earnings to a wage-withhold order.

Chapter 13 of the Bankruptcy Code is a wholly voluntary rehabilitative vehicle for the debtor in which the debtor voluntarily commits a portion of his income to the fulfillment of his plan. *In re Kahn,* 16 B.R. 15, 16 (Bkrtcy.M.D.Ala.1981). Therefore, an order from the bankruptcy court requiring an employer to withhold moneys from a debtor's plan does not violate the Texas Constitution. *Id.*

Moreover, the Court believes that wage-withhold orders are essential to the success of many Chapter 13 plans and are authorized by the Bankruptcy Code. See 11 U.S.C. § 1325(b) and § 105(a). If there is any conflict between the provisions of the Bankruptcy Code and the laws of Texas, then the laws of Texas must yield to the supremacy of federal law. U.S. Const. art. VI, cl. 2; *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).

Fritz further asserts that its rights to due process were violated when it did not receive notice of a hearing on the relief granted in the Order and an opportunity to be heard prior to the Court's ruling. However, a party is not entitled to due process until they establish a property or liberty right that

will be affected by the proceeding. Once Debtor performed services for Fritz and earned his wages, Debtor acquired the property rights in the wages. Fritz may hold the property for Debtor, but Fritz has no rights to the property. Consequently, Fritz had no due process rights violated. It is therefore

ORDERED that Fritz's Motion is hereby DENIED.