**In re Hubert Harold PENLAND and Margaret Hazel Penland, Debtors.**

**Bankruptcy No. 80–03473A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 15, 1981.

Douglas P. Roberto, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Paul C. Parker, Decatur, Ga., for debtors.

J. Sam Plowden, Atlanta, Ga., trustee.

**ORDER**

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On October 2, 1980, the above-referenced debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 1301 *et seq.* At the time that the petition was filed the debtors also filed a plan of debt adjustment proposing to make

payments in the amount of $85.00 per month from income received from Social Security. On October 7, 1980, an "Order to Governmental Unit to Deduct and Remit (non-employer)" was sent to the Social Security Administration (hereinafter "SSA"), requiring SSA to deduct from the debtor Hubert Harold Penland's check and remit to the Chapter 13 trustee the sum of $85.00 per month during the continuation of the debtors' plan of debt adjustment. On December 1, 1980, the debtors' plan was confirmed.

On April 10, 1981, SSA filed a motion for relief from the Order to deduct and remit. The Chapter 13 trustee filed a brief in response on April 20, 1981. After a Court-ordered extension of time to respond, the debtors filed a brief in response to the motion of SSA on June 1, 1981. The motion and the responses thereto are now before the Court.

### CONCLUSIONS OF LAW

The basic issue before the Court involves a statutory conflict which exists between the recently enacted Bankruptcy Code and parts of the Social Security Act. The Social Security Act explicitly exempts benefits paid under Titles II and XVI from "the operation of any bankruptcy or insolvency law." 42 U.S.C. §§ 407 and 1383(d)(1). Section 407 of the Social Security Act has contained a strong anti-assignment provision since 1935. Section 1383 of the Social Security Act was adopted as part of Title XVI in 1972. At that time the committee reports accompanying Title XVI expressed an intent to extend the anti-assignment provisions to that Title. In material part the committee report stated:

> Your committee wishes to emphasize its strong belief that, if the benefits which would be provided under this program are to meet the most basic needs of the poor, the benefits must be protected from seizure in legal process against the beneficiary. Therefore, any amounts paid or payable under this program would not be subject to levy, garnishment, or other legal process, except the collection of delinquent Federal taxes. Also, entitlement to these benefits would not be transferable or assignable. H.R.Rep.No.92–231, 92nd Cong., 1st Sess., 156 (1971), U.S. Code Cong. & Admin.News 1972, pp. 4989, 5142.

These provisions of the Social Security Act appear to be in direct conflict with certain provisions of the Bankruptcy Code. 11 U.S.C. § 101 *et seq.* The most specific conflict between the Social Security Act and the Bankruptcy Code is found at 11 U.S.C. § 1325(b). That subsection provides:

> After confirmation of a plan, the court may order any *entity* from whom the debtor receives income to pay all or any part of such income to the trustee. 11 U.S.C. § 1325(b). [emphasis added].

The Bankruptcy Code defines entity as a term which includes "person, estate, trust, *governmental unit.*" 11 U.S.C. § 101(14). [emphasis added]. Neither party disputes that the SSA is a governmental unit and thus is included within the term "entity" for the purposes of 11 U.S.C. § 1325(b). Nor does any party dispute the fact that despite an entire title devoted to amending or repealing specific statutes [1] that the material provisions of the Social Security Act have not been specifically repealed. The issue, then, is whether the provisions have been repealed by implication by the Bankruptcy Reform Act. At least one District Court has held that there was a repeal by implication. *In re Buren,* 6 B.R. 744 (M.D. Tenn.1980). Judge Wiseman held in that case:

> that notwithstanding the language of 42 U.S.C. § 407, Social Security benefits are subject to the operation of the bankruptcy laws only insofar as the debtor is allowed voluntarily to include the benefits as property of the estate and the bankruptcy proceeding, such as a Chapter 13 proceeding, can be entered into only by the voluntary action of the debtor.

This Court agrees that a conflict between the two statutory schemes is limited but

---

1. The Bankruptcy Reform Act of 1978, Title III, § 301 *et seq.*, Pub.L. 95–598.

does in fact exist. The purpose of the anti-assignment provisions in the Social Security Act, as indicated by the legislative history, is to protect the benefits provided under that program to meet the most basic needs of the poor "from seizure in legal process against the beneficiary." H.R.Rep. No.92–231, 92nd Cong., 1st Sess., 156 (1971), U.S.Code Cong. & Admin.News 1972, p. 5142.

A debtor in a Chapter 13 case who chooses to provide for repayment of his debts from his Social Security benefits is unlike an ordinary assignor in several respects. First, the plan of debt adjustment must be reviewed and approved by a United States Bankruptcy Judge. In approving the plan, the Court must determine that the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6). The Court will not approve a plan unless it is clear that the debtor will be able to make these payments, thus perhaps enabling him to retain property which would otherwise be subject to the claims of creditors. Unless the Court has first ascertained that the plan of repayment is feasible and will work no undue hardship on the debtor or his dependents, the plan cannot be confirmed. Second, and perhaps most importantly, Chapter 13 is a wholly voluntary proceeding. A debtor cannot be forced to submit his Social Security benefits to the jurisdiction of the Court. See 11 U.S.C. §§ 303(a), 706(c), 1112(d). Moreover, a debtor under Chapter 13 has a non-waivable right to dismiss his case under Chapter 13.[2] For this reason the debtor's benefits may not be subjected to seizure in any legal process against the debtor unless and except to the extent that he so desires.

Nothing in this Order should be read to provide that a debtor's Social Security benefits can be subjected to the jurisdiction of the Bankruptcy Court in any fashion other than to the limited extent provided by 11 U.S.C. § 1325(b). However, the Court finds that construing the Bankruptcy Code to have repealed or amended the Social Security Act in this limited fashion is in accord-

ance with the intentions of the drafters of both statutes. The benefits provided by the Social Security Act remain immune from the claims of creditors except to the extent that the debtor voluntarily submits these benefits to the Chapter 13 trustee in an effort to preserve other property which would otherwise be subject to the claims of creditors. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that the motion of SSA shall be and is denied.

IT IS FURTHER ORDERED AND ADJUDGED that SSA shall forthwith comply with the Order of this Court dated October 7, 1980.