**In re Roy Terryl WILLIAMS, w/w/i Penny Susan Williams, Debtors.**

**Bankruptcy No. 80–02017.**

United States Bankruptcy Court, E. D. Washington.

Aug. 13, 1981.

Charles Ory, Asst. U. S. Atty., Spokane, Wash., for Social Security Administration.

Paul R. Derr, Spokane, Wash., for Chapter 13 Trustee's office.

L. WARDEN HANEL, Bankruptcy Judge.

This matter is before the Court on the Social Security Administration's Motion to Reconsider or in the Alternative for a Stay of Execution Pending Appeal in regard to an Order issued by the Court pursuant to 11 U.S.C. § 1325(b) directing the Social Security Administration by pay part of the debtor's benefits directly to the Chapter 13 Trustee.

## FACTS

Debtors Roy Williams and Penny Williams filed on November 26, 1980 for relief under Chapter 13, 11 U.S.C. On the Williams' schedules listed as income were social security benefits in the amount of $1,310.00 per month. Upon representations of the Chapter 13 Trustee and pursuant to 11 U.S.C. § 1325(b) the Court signed on December 8, 1980 an "Order to Entity to Pay to the Trustee" requiring the Social Security Administration to deduct $575.00 from the debtors' benefits and pay the same directly to the trustee. The Order was mailed by the trustee to the Social Security Administration's Regional Office in Richland, California on December 8, 1980.

On May 7, 1981 the United States Attorney filed a Motion to Reconsider or in the Alternative for a Stay of Execution Pending Appeal and a hearing was had on July 20, 1981.

## ISSUES

There are two issues for the Court's determination in this matter. First, whether the Order signed by the Court directing the Social Security Administration to pay into the trustee $575.00 as provided by 11 U.S.C. § 1325(b) is void and unenforceable for lack of proper service and secondly, whether 42 U.S.C. § 407, a strong anti-assignment provision under the Social Security Act, coupled with the debtors' ability to exempt said benefits under 522(d)(10) insulates the benefits, voiding the Court's Order under 11 U.S.C. § 1325(b).

## DISCUSSION

11 U.S.C. § 1325(b) states:

"After confirmation of a plan, the Court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee."

This section combined with Rule 13-213 empowers the Court to direct such an order to an employer making the order enforceable as a judgment, by injunction, or contempt proceedings. It is therefore implicit that under the power of the Court pursuant to 11 U.S.C. § 105(a) this Court could and did direct that the Social Security Administration pay part of the debtors' benefits directly to the Chapter 13 trustee.

The contention by the Social Security Administration that service was improper under the Federal Rules of Civil Procedure as adopted by the Bankruptcy Rules or in the alternative that notice should have been given prior to the issue of the Order is fully without merit.

The allegation by the Social Security Administration that the Order entered December 8, 1980 is void and unenforceable since proper service was never obtained on either the Social Security Administration or the United States under Bankruptcy Rule 13-701 presumes the posture of an adversary hearing.

An adversary hearing as prescribed by Rule 13-701(a) is as follows:

(a) *Adversary Proceedings.* Part VII of the Bankruptcy Rules governs any pro-

ceeding instituted by a party before a bankruptcy judge in a Chapter XIII case to (1) recover money or property other than a proceeding under Rule 13–210 or Rule 13–602, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest for which the holder can be compelled to take a money satisfaction, (4) object to or revoke a discharge, (5) obtain an injunction, (6) obtain relief from a stay as provided in Rule 13–401, (7) object to confirmation of a plan on the ground that the debtor has committed any act or failed to perform any duty which would be a bar to the discharge of the bankrupt, (8) revoke the confirmation of a plan, or (9) determine the dischargeability of a debt. Such a proceeding shall be known as an adversary proceeding.

(b) *Reference in Bankruptcy Rules.* As applied in Chapter XIII cases, the reference in Bankruptcy Rule 704(f)(2) to Rule 220 shall be read as a reference to Rule 13–210, the reference in Bankruptcy Rule 725 to Rule 221(b) shall be read as a reference to Rule 13–211(b), and the reference in Bankruptcy Rule 741 to "a complaint objecting to the bankrupt's discharge" shall be read to include also a reference to "a complaint objecting to the confirmation of a plan on the ground that the debtor has committed any act or failed to perform any duty which would be a bar to the discharge of a bankrupt."

Upon inspection of Rule 13–701(a) the Court fails to see the similarity of the cause of actions specified therein to 11 U.S.C. § 1325(b). 11 U.S.C. § 1325(b) speaks only to the issuance of an order by the Court and is not an adversary as classified under Rule 13–701(a). Service, therefore as required under Rule 704 is not necessary nor proper and mailing the order was correct under the circumstances.

In the alternative the Social Security Administration urges this Court that if service of process was not required then notice under Rules 203(g) and 13–203(d) was at least minimal. Rule 13–203(d) is a verbatim incorporation of 203(g).

Rule 13–203 states:

NOTICE TO CREDITORS AND THE UNITED STATES

(a) *Ten-Day Notices to All Creditors.* Except as provided in subdivision (e) of this rule, the court shall give all creditors including creditors secured by estates in real property or chattels real, at least 10 days' notice by mail of (1) a meeting of creditors and (2) the hearing on confirmation of a plan.

(b) *Other Notices to All Creditors.* Except as provided in subdivision (e) of this rule, the court shall give notice by mail to all creditors, including creditors secured by estates in real property or chattels real, of (1) the dismissal of the case pursuant to Rule 13–112 or 13–215; (2) the time fixed, if any, for filing rejections of a modification of a plan under Rule 13–212; (3) the time fixed, if any, for filing a complaint objecting to the debtor's discharge pursuant to Rule 13–404(b)(1); (4) the order of discharge as provided in Rule 13–404(e); (5) the waiver, denial, or revocation of a discharge as provided in Rule 13–406; and (6) the time allowed for filing a complaint to determine the dischargeability of a debt pursuant to § 17c(2) of the Act as provided in Rule 13–407(a)(2).

(c) *Addresses of Notices.* All notices to which a creditor is entitled under these rules shall be addressed to the creditor as he or his duly authorized agent may direct in a request filed with the court or delivered to the trustee; otherwise, to the creditor at the address shown in the Chapter XIII Statement or, if a different address is stated in a proof of claim duly filed, then at the address so stated.

(d) *Notices to the United States.* Copies of notices required to be mailed to all creditors under these rules shall be mailed (1) to the district director of internal revenue for the district in which the case is pending and (2) whenever the Chapter XIII Statement or any other paper filed in the case discloses a debt to

the United States other than one for taxes, to the United States attorney for the district in which the case is pending and, if disclosed by the filed papers, to the department, agency or instrumentality of the United States through which the debtor became so indebted.

(e) *Notice by Publication.* If the court finds that it is impracticable to give notice to creditors by mail as provided in this rule or that it is desirable to supplement such notice, the court may order publication thereof.

(f) *Caption.* The caption of every notice given under this rule shall comply with Rule 13–105.

Rule 13–203(d) specifies how notice required under 13–203(a) and (b) must be given to the United States. The Social Security Administration states that such procedure was not properly effected as to the United States. The Social Security Administration is correct if notice was required, yet under 13–203(a) and (b) there is no requirement for notice pursuant to the circumstances of 1325(b), therefore no notice was given nor was proper rendering the contentions of the Social Security Administration moot.

■ The Social Security Administration as in the present case has the option of questioning the propriety of the Court's order upon receipt but notice is not afforded for reasons of obvious judicial and administrative efficiency. Therefore the Court finds that service as required under 13–701 or Notice and Hearing under 13–203 are neither proper nor mandatory under the auspices of 1325(b) and that the trustee acted properly by mailing a copy of the Court's Order to the Social Security Administration's Regional Office in California.

■ The contention of the Social Security Administration that the anti-assignment provision 42 U.S.C. § 407 of the Social Security Act prevents the Court from issuing an order pursuant to 1325(b) has been extensively covered *In re Buren 4 B.R. 109 (Bkrtcy.) 3CCH Bankruptcy Law Reporter, 67, 633 and 6 B.R. 744 (D.C.) 3 CCH Bankruptcy Law Reporter, 67, 679.* In that opinion the Bankruptcy Court for the Middle District of Tennessee specifically found that 42 U.S.C. § 407 was not applicable to the instance at hand. This Court adopts that decision in toto and finds that the provisions of 42 U.S.C. § 407 do not effect the power of the Bankruptcy Court to issue an order pursuant to 11 U.S.C. § 1325 to the Social Security Administration and the same is valid and proper.

In light of the foregoing which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to FRBP 752 it is:

ORDERED that the Social Security Administration's Motion to Reconsider or in the Alternative for a Stay of Execution Pending Appeal is hereby denied.

FURTHER ORDERED that counsel for the Social Security Administration submit an Order in conformity with the foregoing.