**In the Matter of Callie Jean HAMMONDS and Frances Collins, Debtors.**

Bankruptcy Nos. 81–51052, 81–51423.

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

Oct. 12, 1982.

Stephanie B. Manis, Sr. Asst. Atty. Gen., Atlanta, Ga., for Bibb County Dept. of Family and Children Services.

Walter Smith, Macon, Ga., for Callie Jean Hammonds.

L. Z. Dozier, Dozier, Daniel, Williams & Edwards, Macon, Ga., for Frances Collins.

Camille Hope, Macon, Ga., Trustee, pro se.

MEMORANDUM OPINION ON MOTIONS FOR RELIEF FROM ORDER DIRECTING DELIVERY OF DEBTOR'S BENEFIT CHECK TO TRUSTEE

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

STATEMENT OF THE CASE

This opinion consolidates for decision two cases filed under Chapter 13 of Title 11 of the United States Code. Debtor Callie Jean Hammonds filed her Chapter 13 case on September 25, 1981, and Debtor Frances Collins filed her Chapter 13 case on December 22, 1981. Each Debtor proposes to fund her Chapter 13 plan from Aid to Families with Dependent Children (AFDC) funds received from the Bibb County Department of Family and Children Services (the Department). The AFDC checks are the sole source of support for each Debtor.

After each Debtor's Chapter 13 plan was confirmed, this Court ordered the Department to mail each Debtor's AFDC checks to this Court's standing Chapter 13 trustee.[1] The Department then moved in each case

---

1. The order in the case of Callie Jean Hammonds was entered on February 12, 1982, and the order in the case of Frances Collins was entered on February 18, 1982.

for a stay of the Court's order, asserting that AFDC payments may not be used to fund a Chapter 13 plan.

In each case, a hearing on the Department's motion was held on March 31, 1982, and on that date the Court stayed the two orders directing that the AFDC checks be delivered to the standing Chapter 13 trustee, pending further order of the Court.

After reviewing the evidence and considering the arguments and briefs of counsel, the Court is of the opinion that the Department's motion must be denied and the orders directing the Department to deliver Debtors' AFDC checks to the standing Chapter 13 trustee must be reinstated. In support of its opinion, the Court publishes the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The AFDC program is financed largely by the federal government and is administered by the states. The major goal of the program is the protection of needy and dependent children by providing them with the "basic demands of subsistence." *Goldberg v. Kelly,* 397 U.S. 254, 265 (1970). The major beneficiaries under the program are:

(a) Needy children under the plan who are:

(1) Under the age of 18, or age 18 if a full-time student in a secondary school, or in the equivalent level of vocational or technical training, and reasonably expected to complete the program before reaching age 19;

(2) Deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or unemployment of a father; and

(3) Living in the home of a parent or of certain relatives specified in the Act, or in foster care under certain conditions.

(b) The parent or other caretaker relative of a dependent child and, in certain situations, the parent's spouse.

45 C.F.R. § 233.10(b)(ii) (1981).

In the two cases at issue, each Debtor is a single mother with minor children, thus falling within the AFDC program's boundaries. Each Debtor seeks to fund a Chapter 13 plan by using AFDC checks, and in each case the Department of Family and Children Services has objected to the proposed use of the AFDC checks as the basis for a Chapter 13 plan.

The Department has asserted that the Debtors' AFDC checks do not constitute "property of the estate," basing its contention on three theories. First, the Department argues that it is precluded from paying AFDC benefits to anyone other than "eligible individuals." It asserts that because the trustee is not an "eligible individual" under 45 C.F.R. § 233.10(b)(ii), if the Department were to make AFDC payments to the standing Chapter 13 trustee, the Department would be in violation of the conditions upon which its federal funding is based and would therefore be in danger of losing that federal funding.

The Department's argument places form over substance. The Department is not being ordered to make AFDC payments directly to the order of the standing Chapter 13 trustee. Rather, the AFDC checks are issued to the order of each Debtor and are mailed to the trustee's office; each Debtor must then endorse the check that is *made out to her.* Each Debtor then receives from the trustee the portion of the check that exceeds the amount needed to fund her Chapter 13 plan. The result is the same as if each Debtor received the check directly and then forwarded to the standing Chapter 13 trustee the proper portion needed to fund her Chapter 13 plan. Having the benefit check mailed directly to the standing Chapter 13 trustee does not give the trustee a right to the funds; rather, it simplifies the trustee's task of administering the Debtors' Chapter 13 plans. The delivery of the AFDC checks to the standing Chapter 13 trustee is the manner by which the payee on the checks, the Debtor, has chosen to disburse the funds to pay her outstanding indebtedness.

The Department has also asserted that the delivery of the AFDC checks to the

trustee could leave it vulnerable to legal challenges from the Debtors and their children. The Department contends that due process requires notice and a hearing before AFDC benefits are reduced and that mailing the AFDC checks to the standing Chapter 13 trustee would be equivalent to reducing AFDC benefits. This contention is without merit for two reasons. First, as previously discussed, the AFDC benefits are not being paid directly to the trustee. The checks are still made out to the order of each Debtor. The amount of the benefit each Debtor receives has not been changed. Rather, the method of each Debtor's debt payment has been changed. All funds received still inure to the benefit of the Debtors. The trustee is simply aiding each Debtor in paying her debts in an orderly fashion.

Second, as pointed out by the standing Chapter 13 trustee, Debtors are hardly likely to raise due process challenges over the delivery of their checks to the trustee. After all, it was the Debtors themselves who filed the Chapter 13 plans and proposed to fund them from the AFDC checks. They could not request that their Chapter 13 plans be funded through their AFDC checks and then sue because the checks were turned over to the standing Chapter 13 trustee to aid in the administration of their plans.

Finally, the Department contends that the Debtors have no right or title to the AFDC checks because the checks represent funds paid to the Debtors solely for the maintenance or support of their children. The Department argues that the amount of an AFDC check is calculated by awarding a certain sum for each minor child in a household, and it contends that the payment made on account of each minor child is held in trust by the parent for the child. Therefore, the Department contends that the parent has no rights in the amount paid for the child and that it is therefore not "property of the estate." Thus, it argues that the AFDC checks may not be used to fund a Chapter 13 plan. The Court remains unpersuaded.

Section 541 of the Bankruptcy Code defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1979). The legislative history of that section also indicates that "[e]ven individuals whose primary income is from ... welfare may use chapter 13 if their income is sufficiently stable and regular. This expansion of eligibility will enable many to work out arrangements with their creditors rather than seeking straight bankruptcy liquidation." H.R.Rep.No.595, 95th Cong., 1st Sess. 119 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6080.

The definition of "property of the estate" found in section 541 is continued in section 1306 of the Bankruptcy Code. Section 1306(a)(1), in conjunction with section 541, allows a Chapter 13 debtor to include in the bankruptcy estate property acquired *after* the commencement of the case:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title whichever occurs first; ...

This in effect enables a Chapter 13 debtor to use current earnings to fund a Chapter 13 plan.

In light of the purposes of section 541 and section 1306, the Court finds that AFDC recipients have sufficient property interests in their AFDC payments to enable them to fund a Chapter 13 plan. Parents normally are able to spend AFDC funds as they see fit, for the benefit of the family unit. A Chapter 13 plan is not in itself a detrimental use of AFDC funds; rather, it is another form of budgeting that a parent has elected for the benefit of the family unit. If the Department is displeased with the parent's purchases, its remedy is to counsel the parent, provide a guardian for the children, or impose a criminal or civil penalty. 42 U.S.

677

C.A. § 605 (West 1974). The Department has not requested any of these remedies or even alleged that either Debtor has misused the AFDC funds sent to her. Therefore, the Debtors are entitled to continue receiving the AFDC payments and to use the AFDC funds to pay their debts. The fact that the debts are being paid through a Chapter 13 plan does not change that outcome.

Further, if the United States Supreme Court has held that debtors have sufficient property interests in AFDC checks to assert due process challenges if the payments are reduced or withheld,[2] they also have sufficient property interests for them to be considered "property of the estate" under the Bankruptcy Code. Because of the above reasons, the Court is of the opinion that AFDC payments may be used to fund Debtors' Chapter 13 plans.

An order in accordance with this opinion is attached hereto.

### ORDER

Upon the attached and foregoing Findings of Fact and Conclusions of Law; it is

ORDERED that the Motions for Relief from Order Directing Delivery of Debtor's Benefit Check to Trustee filed by Bibb County Department of Family and Children Services in the cases of Debtor Frances Collins and Debtor Callie Jean Hammonds be and hereby are denied;

ORDERED that the March 31, 1982 Order entered in the case of Callie Jean Hammonds, staying the February 12, 1982 Order directing the Bibb County Department of Family and Children Services to mail the Debtor's benefit check to this Court's standing Chapter 13 trustee, be and hereby is vacated;

ORDERED that the March 31, 1982 Order entered in the case of Frances Collins, staying the February 18, 1982 Order directing the Bibb County Department of Family and Children Services to mail the Debtor's benefit check to this Court's standing Chapter 13 trustee, be and hereby is vacated;

ORDERED that the Bibb County Department of Family and Children Services mail to Camille Hope, Post Office Box 954, Macon, Georgia 31202, the benefit checks of the above Debtors beginning the next month following the date of this order and continuing each month thereafter as long as the Debtors are entitled to said checks or until directed otherwise by this Court's standing Chapter 13 trustee.

ORDERED that this order be entered on the Docket on the date set out below.

2. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct.  1011, 25 L.Ed.2d 287 (1970).