**In re Claudette L. GREENE, Debtor.**

**In re Rose Jean CHESTER, Debtor.**

**Bankruptcy Nos. 81–02050–R, 82–01755–R.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 9, 1983.

James R. Sheeran, Richmond, Va., for Claudette L. Greene.

G. Wingate Grant, Asst. U.S. Atty., Richmond, Va., for Social Security Administration.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

These matters come on upon the filing by the Social Security Administration of motions to vacate the amended orders for wage assignment, dated January 10, 1983, entered in these cases against the Social Security Administration (the Administration). After hearing this Court makes the following determination.

## STATEMENT OF THE FACTS

On December 4, 1981, Claudette L. Greene filed with this Court a Chapter 13 petition in bankruptcy. On January 10, 1983, this Court entered an Order which directed the Administration to withhold $202.00 per month from Ms. Greene's social security check and to pay this amount directly to the Chapter 13 trustee. Ms. Greene currently receives social security benefits in her own right and as the representative payee on behalf of four of her children. Rose Jean Chester filed a Chapter 13 petition in bankruptcy with this Court on November 5, 1982. This Court entered an Order on January 10, 1983, directing the Administration to withhold $250.00 per month from Ms. Chester's social security check and to pay this amount directly to the Chapter 13 trustee. The Administration now moves this Court to vacate the wage assignment orders of January 10, 1983. This is a case of first impression in this district.

## CONCLUSIONS OF LAW

The Administration contends the wage assignment orders are prohibited by 42 U.S.C. § 407 which provides

Vernon E. Inge, Richmond, Va., for Rose Jean Chester.

"the right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

■ 11 U.S.C. § 1325(b) enables bankruptcy courts to order any entity from which a debtor receives income to pay to the bankruptcy trustee all or any part of the debtor's income. A governmental unit such as the Social Security Administration is considered to be an entity within the purview of this statute. 11 U.S.C. § 101(14). Because this provision directly conflicts with the nonassignability provisions of 42 U.S.C. § 407, other courts uniformly have held that Congress in enacting the 1978 Bankruptcy Reform Act repealed by implication 42 U.S.C. § 407 in so far as it conflicts with the Bankruptcy Code. *See, Toson v. United States,* 18 B.R. 371 (D.C.N.D.Ga.1982). *In re Buren,* 6 B.R. 744 (D.C. M.D.Tenn.1980), *appeal docketed,* No. 80–5427 (6th Cir., Nov. 21, 1980); *In re Craig,* 15 B.R. 712 (Bkrtcy.W.D.N.C.1981); *In re Williams,* 13 B.R. 640 (Bkrtcy.E.D.Wash. 1981); *In re Devall,* 9 B.R. 41 (Bkrtcy.M.D. Ala.1980); *In re Bruins,* 8 B.R. 127 (Bkrtcy. R.I.1981); *In re Hughes,* 7 B.R. 791 (Bkrtcy. E.D.Tenn.1980); cf. *Regan, et al. v. Ross,* 691 F.2d 81 (2nd Cir., 1982); *In re Hammons,* 23 B.R. 674 (Bkrtcy.M.D.Ga.1982).

■ 42 U.S.C. § 407 which prohibits the voluntary alienation of social security payments by recipients was enacted for the purpose of protecting beneficiaries and those dependent on beneficiaries from the claims of creditors. *French v. Director, Michigan Department of Social Services,* 285 N.W.2d 427, 431, 92 Mich.App. 701 (1979); *see also, Hughes* at 716. The purpose of this statute is not the protection of the government from burdensome expense. Congress in enacting 42 U.S.C. § 407 sought to protect social security payments which benefit the poor and needy from seizure in legal process against the beneficiar-

ies. *In re Penland,* 11 B.R. 522, 524 (Bkrtcy.N.D.Ga.1981), *aff'd sub. nom. Toson v. United States,* 18 B.R. 371 (N.D.Ga.1982). Section 407 deals with the rights of social security recipients and seeks to protect their benefits from the reach of creditors. *In re Neavear,* 674 F.2d 1201, 1205 (7th Cir.1982).

The purpose of the Social Security Act of 1935 was to provide a minimal level of economic security for the unemployed, the elderly, the homeless, and the blind. The Congress could have reasonably feared that this relief might have been assigned away to creditors or otherwise disappear in the financial distress of the times. The present-day Chapter 13 was not extant in those days, however. The purpose of protecting individuals with social security benefits is equally well served by allowing the individual to use the benefits to get out of his or her debt-ridden state. Social security recipients may now use the Chapter 13 plan to commit themselves toward a fresh start. Liquidation is no longer the sole remedy available to social welfare recipients. (Footnotes omitted.)

*Buren,* 11 B.R. at 746.

■ Approval by this Court of the Administration's proffered construction of the interaction of these statutes clearly would violate the intent of Congress to make Chapter 13 relief available to debtors dependent on social security income. First, 11 U.S.C. § 1325(b) indicates Congress intended for government benefits to be subject to Chapter 13 wage assignment orders. *Hughes* at 794. Second, the legislative history accompanying Chapter 13 indicates that persons receiving social security benefits would qualify as "individuals with regular income" for the purpose of filing Chapter 13 plans. Congress clearly intended for social security recipients to have the opportunity to avail themselves of Chapter 13 relief. "Thus, individuals on welfare, social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bank-

ruptcy." H.R.Rep. No. 595, 95th Cong., 1st Sess. 312 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6269.

Because debtors and the property of debtors are protected to a great extent in Chapter 13 proceedings, using 42 U.S.C. § 407 to deny debtors the opportunity to have wage assignment orders entered against the Social Security Administration would work against the stated purpose of that section to protect needy recipients and their dependents from the claims of creditors. Many individuals utilize Chapter 13 proceedings because they are unable to manage their financial affairs. Direct payment to the trustee is not only an effective self-disciplinary measure but often is necessary for the success of a Chapter 13 plan.

> "It seems implausible that Congress would, on the one hand, allow the social security benefits to be a crucial qualifying element for a Chapter 13 debtor, and then, on the other hand, place that income beyond the reach of the bankruptcy court. This would put many social security recipients who choose to use the Chapter 13 provisions at an enormous disadvantage compared to other debtors, . . . ."

*In re Craig,* at 717. Denying debtors dependent on social security payments the opportunity of wage assignment orders would only imperil their Chapter 13 plans and thereby endanger any property which they seek to protect through the use of Chapter 13 proceedings.

Each of the Administration's arguments set forth in its brief have been adequately answered in the opinions cited above. This Court need not recite those conclusions reached by the other courts, although they are applicable in the instant case.