747 F.2d 1052
 11 Collier Bankr.Cas.2d 721, 12 Bankr.Ct.Dec. 611,
Bankr. L. Rep. P 70,090, 7 Soc.Sec.Rep.Ser. 219,
Unempl.Ins.Rep. CCH 15,592
 James Arthur ROWAN, et al., Plaintiffs-Appellees,
v.
Howard Z. MORGAN, District Director, Social Security
Administration, et al., Defendants-Appellants.
 No. 82-3576.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Nov. 2, 1983.
Decided Oct. 31, 1984.
 
 Randolph Baxter, Asst. U.S. Atty., Cleveland, Ohio, William Kanter, Frank A. Rosenfeld, Dept. of Justice, Civil Div.--Appellate Staff, Washington, D.C., for defendants-appellants.
 Martin L. Olson, Uniontown, Ohio, for plaintiffs-appellees.
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JOHNSTONE, District Judge.*
 WELLFORD, Circuit Judge.
 
 
 1
 The Social Security Administration appeals the Bankruptcy Court's determination that the Administration's right to recover an overpayment of benefits was properly discharged in bankruptcy. The Administration argues that its right to recover the benefits is exempted from the operation of the bankruptcy laws by Sec. 207 of the Social Security Act, 42 U.S.C. Sec. 407(a). It also argues it was not properly notified of the bankruptcy proceedings. The judgment is affirmed.
 
 
 2
 On November 7, 1980, the Administration informed debtor, James A. Rowan, that he had earned income during 1979 in excess of the level to qualify for the social security benefits he had received during that year. The Administration informed Rowan of its authority to recoup the overpayment by decreasing his future benefits until the overpayment had been recovered in full. See 42 U.S.C. Sec. 404(a)(1). It also informed him of his right to request a waiver of recoupment.[1] Rowan requested a waiver on November 24, 1980, but the request was denied the following February. The Administration informed Rowan that the overpayment would be recovered by deducting $69 from his future monthly benefit checks unless he successfully appealed the Administration's determination.[2]
 
 
 3
 Before the Administration had made its initial decision on Rowan's request for a waiver, Rowan filed for relief under Chapter 7 of the Bankruptcy Reform Act, 11 U.S.C. Sec. 701 et seq. Rowan did not list the Administration as a creditor originally. In March 1981, the Department of Health and Human Services was added by amendment as a creditor in the amount of $2,269 by reason of "overpayment ... during 1979/80." William Driver, Commissioner of the Administration; Robert Gross, Jr., Acting Director of Operations of the Administration; and Howard Morgan, District Director of the Administration at Akron, Ohio, as well as the Department of Health and Human Services, were served with the amendment, but the United States Attorney for the Northern District of Ohio was not served as required by rule 203(g) of the bankruptcy rules then in effect.[3] Neither Driver, Gross, nor Morgan were persons designated by the Administration to receive process, see 45 C.F.R. Sec. 4.1, and the Administration did not file a timely proof of claim or object to discharge of Rowan's debt. Rowan was granted a discharge, but the Administration continued to withhold $69 a month by way of recoupment. Rowan then instituted this proceeding to declare the discharge of the overpayment debt.
 
 
 4
 Before the bankruptcy court, the Administration contended that the overpayment was not dischargeable under Sec. 207 of the Social Security Act, 42 U.S.C. Sec. 407(a), that Rowan had failed to exhaust his administrative remedies, that jurisdiction was barred by the doctrine of sovereign immunity, and that the notice procedures used in the bankruptcy proceedings were insufficient. The bankruptcy court rejected each of the Administration's arguments. See Rowan v. Morgan, 15 B.R. 834 (Bankr.N.D.Ohio 1981). On appeal, the Administration has abandoned its exhaustion and sovereign immunity arguments.
 
 
 5
 Section 207 of the Social Security Act, 42 U.S.C. Sec. 407(a), provides as follows:
 
 
 6
 ... The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 
 
 7
 The Administration argues that the reference in Sec. 207 to "rights existing under this subchapter" refers not only to the rights of social security recipients, but also to the rights of the agency itself, including the Administration's right to recoup overpayments such as those involved in this case. The contention that Sec. 207 was intended to provide the Administration with a blanket exemption from the operation of the bankruptcy laws in this context, however, has been rejected by the only court of appeals to address the issue. See Neavear v. Schweiker, 674 F.2d 1201 (7th Cir.1982). As the Neavear court noted:
 
 
 8
 [T]he Secretary relies solely on the language of the statute. He offers no reasons of policy to explain why Congress supposedly gave the [Administration] rights enjoyed by no other creditor, and he does not point to any legislative history supporting his sweeping interpretation. Above all, however, the Secretary's argument must fail because it asks us, in construing the reference to "rights" in section 207, to disregard the surrounding text. Section 207 speaks throughout in terms of the rights of social security recipients (the rights to "future payment," and to "moneys paid or payable") and the protection of their benefits from the reach of creditors (through "execution, levy, attachment, garnishment, or other legal process").
 
 
 9
 674 F.2d at 1205 (footnotes omitted) (emphasis in original); see also Lee v. Schweiker, 25 B.R. 135, 137-38 (Bankr.E.D.Pa.1982); Hawley v. United States, 23 B.R. 236, 238-39 (Bankr.E.D.Mich.1982). Because Sec. 207 is designed to protect social security recipients rather than the Social Security Administration, we must reject the Administration's argument.[4]
 
 
 10
 Rowan argues that his debt to the Administration was properly discharged here even assuming that Sec. 207 of the Social Security Act excluded the Administration's right to recoup overpayments from the operation of the bankruptcy laws. Rowan argues that the social security exclusion has been repealed by implication by the Bankruptcy Reform Act, 11 U.S.C. Sec. 727(b). That statute permits discharge of "all debts" unless the debts are listed in 11 U.S.C. Sec. 523; social security overpayments are not so listed.[5] Several courts have accepted the argument that the Bankruptcy Act repeals Sec. 207 of the Social Security Act. See In re Greene, 27 B.R. 462, 464-65 (Bankr.E.D.Va.1983); In re Buren, 6 B.R. 744 (Bankr.M.D.Tenn.1980); In re Craig, 15 B.R. 712 (Bankr.W.D.N.C.1982); In re Hughes, 7 B.R. 791 (Bankr.E.D.Tenn.1980); In re Penland, 11 B.R. 522 (Bankr.N.D.Ga.1981); In re Williams, 13 B.R. 640 (Bankr.E.D.Wash.1981). In light of the construction given Sec. 207 of the Social Security Act here, Rowan's implied repeal argument need not be addressed. See Neavear, 674 F.2d at 1206-07 (declining to reach the repeal-by-implication argument after determining that Sec. 207 of the Social Security Act did not exempt overpayment debts from discharge). We simply note that repeals by implication are not favored generally. See, e.g., Tennessee Valley Authority v. Hill, 437 U.S. 153, 189-90, 98 S.Ct. 2279, 2299-30, 57 L.Ed.2d 117 (1978); Radzanover v. Touche Ross & Co., 426 U.S. 148, 153-54, 96 S.Ct. 1989, 1992-93, 48 L.Ed.2d 540 (1976).
 
 
 11
 As the Seventh Circuit noted, the conclusion that Sec. 207 poses no obstacle to a debtor seeking discharge of an overpayment debt "does not ... mean that every social security recipient who receives, not without fault, an overpayment of benefits may escape his duty to repay those benefits by means of a quick discharge in bankruptcy." Neavear, 674 F.2d at 1206. The government will remain free to argue in cases like this that an overpayment debt should not be discharged for other reasons. For example, 11 U.S.C. Sec. 523(a)(2)(A) provides that debts arising from transactions involving "false pretenses, a false representation, or actual fraud" are not dischargeable. The government therefore retains the means to recover debts in these same circumstances available to other creditors. We trust that the government will actively pursue these other grounds, where applicable, to foreclose improper discharges by overpaid social security beneficiaries.
 
 
 12
 While Rowan failed to comply with the notice requirements in this bankruptcy proceeding, we find that such failure does not require reversal because no prejudice has been demonstrated as a consequence by the government. Aside from the argument previously rejected concerning Sec. 207 of the Social Security Act, the Administration has indicated in its argument nothing that would have justified the refusal to discharge the overpayment debt in this case. Indeed, the parties stipulated before the bankruptcy court that Rowan had not committed fraud in connection with the benefit overpayments.
 
 
 13
 Accordingly, the judgment of the bankruptcy court is AFFIRMED.
 
 
 14
 KRUPANSKY, Circuit Judge, dissenting.
 
 
 15
 As the majority's opinion, adjudging that Social Security overpayments are dischargeable in bankruptcy, significantly and unjustifiably disrupts the detailed statutory framework appearing in Subchapter II of Title 42 U.S.C. Sec. 401 et seq., I must respectfully dissent. Subchapter II, initially promulgated in 1935 and revised on numerous occasions thereafter, establishes an intricate framework whereby trust funds are created principally through taxation for distribution to various qualified recipients, including the aged, survivors and the disabled, upon demonstration of defined criteria. These social benefits programs are administered by, inter alia, the Secretary of Health and Human Services (Secretary). 42 U.S.C. Sec. 401(c). The Secretary's legislative responsibilities are clear and unequivocal. The Secretary is mandated to award benefits to those claimants who satisfy the pertinent legislative and regulatory criteria. See, e.g., 42 U.S.C. Sec. 402 (old age); 42 U.S.C. Sec. 423 (disability). Congress has protected the recipients' "rights" to benefits from diversion through execution, levy, attachment, garnishment, bankruptcy, insolvency or other legal process. See 42 U.S.C. Sec. 407.
 
 
 16
 It is axiomatic, however, that no claimant possesses a "right" to receive payment of benefits in excess of that authorized by the legislature. In the event of an overpayment of benefits, the Secretary's "right" and duty to recoup the overpayment is as fundamental and unequivocal as the duty to award benefits when appropriate:
 
 
 17
 (a) Whenever the Secretary finds that more ... than the correct amount of payment has been made ... proper adjustment or recovery shall be made ... as follows:
 
 
 18
 (1) [T]he Secretary shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person ... to refund the amount in excess of the correct amount, * * *
 
 
 19
 42 U.S.C. Sec. 404(a)(1). The Secretary's compliance with this recoupment provision is, by its own terms, mandatory.[1]
 
 
 20
 Accordingly, Subchapter II confers upon claimants the "right" to an award of benefits upon demonstration of defined criteria. It correspondingly confers upon the Secretary the right and duty to preserve the trust funds delegated to the agency's care and administration by recouping, for the benefit of all claimants, overpayments. All of the rights appearing in Subchapter II are excluded from the operation of any bankruptcy law by the following pertinent language:
 
 
 21
 The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 
 
 22
 42 U.S.C. Sec. 407. The majority opinion in the case at bar has concluded that the term "rights", as appearing in Sec. 407, does not include the rights of the Secretary to recoup overpayments. Not only is the majority's construction of the term "rights" conspicuously devoid of reference to pertinent legislative history, but such construction reduces the Secretary's right to recoup overpayment as appearing in Sec. 404(a)(1) to an exercise in legislative futility.
 
 
 23
 Construction of the provisions set forth in Subchapter II in pari materia leads to the inescapable conclusion that the rights of recipients to benefits, and the rights of the Secretary to recoup overpayments, are not divisible. Rather, both rights advance the intent of Congress to create and maintain a trust and provide for the disbursement of such funds therefrom to those claimants awarded specific amounts, and only those claimants, who are entitled to the benefits. The Secretary's right and duty to recoup overpayments is simply a vehicle by which the funds may be secured in trust for those claimants who are rightfully entitled to them. All rights delegated to the Secretary by the Congress are exercised on behalf of all qualified claimants. Since the rights of claimants to receive benefits (and have them protected from diversion) and the rights of the Secretary to recoup overpayments are fundamental, coterminous, and inextricably interwoven rights appearing in Subchapter II, the majority opinion constitutes an invasion of the legislative perogative by artificially and without justification severing these non-divisible rights. It is anomalous to conclude, as the majority has done, that a claimant's rights to benefits are not subject to attachment through bankruptcy proceedings and simultaneously conclude that the Secretary's right to recoup overpayment is subject to bankruptcy and thus dischargeable in such a proceeding. These two integral rights, expressly precluded from the operation of bankruptcy law by Congress, should not and cannot be dichotomized. None of the authority referenced by the majority has predicated a construction of the term "rights" as that term is used in Sec. 407 upon an examination of Subchapter II in its entirety, as detailed above, and is thus distinguishable.
 
 
 24
 It is also compelling that the Secretary, for the last 20 years, has construed "rights" in Sec. 407 as including the right to recoup overpayments.
 
 
 25
 Undoubtedly, the principal purpose of this section [42 U.S.C. Sec. 407] is to exempt Title II benefits from the claims of creditors. But it also appears from the language of section that Congress exempted from the operation of the bankruptcy law all "rights" under Title II. In section 407(a) of Title II, the Secretary has clear authority to adjust overpayments against "subsequent benefits payable" under the law. That authority creates a "right" would seem evident from United States v. Munsey Trust Co., 332 U.S. 234, 239; 67 S.Ct. 1599, 1602 [91 L.Ed. 2022] (1947), wherein the Supreme Court said: "The Government has the same right 'which belongs to every creditor, to apply the unappropriated monies of his debtor, in his hands, in extinguishment of the debts due him.' " Thus, the Secretary would be required to exercise this "right" independently of the provisions of the bankruptcy law.
 
 
 26
 SSA 63-7 (1963). It is fundamental that construction of a statute by an agency charged with its execution is to be afforded extreme deference in the absence of compelling indications that it is erroneous. See Miller v. Youakim, 440 U.S. 125, 143-44, 99 S.Ct. 957, 968-69, 59 L.Ed.2d 194 (1979); New York Department of Social Services v. Dublino, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688 (1973); Columbia Broadcasting System v. Democratic National Committee, 412 U.S. 94, 121, 93 S.Ct. 2080, 2095, 36 L.Ed.2d 772 (1973); Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969). Deference to the Secretary's interpretation is particularly warranted in the case at bar since Congress has revised and amended Subchapter II on several occasions subsequent to promulgation of SSA 63-7 without amending Sec. 407 or providing an indication, in the legislative history of Sec. 407 or elsewhere in Subchapter II, that the Secretary's interpretation was erroneous. In sum, there is nothing to indicate that Congress intended to exclude from operation of Sec. 407 the rights of the Secretary to recoup overpayments.
 
 
 27
 Debtor James Rowan (Rowan) additionally submits on appeal that even if the term "rights" as appearing in Sec. 407 is construed to include the right of the Secretary to recoup overpayments, this statutory provision has been implicitly repealed by the detailed Bankruptcy Reform Act of 1978 (Act), 11 U.S.C. Secs. 1-1330. This circuit has expressly rejected this argument. In re Buren, 725 F.2d 1080 (6th Cir.1984). In Buren the bankruptcy court ordered the Secretary to pay the debtor's social security benefits directly to a bankruptcy trustee, in contravention of the "anti-assignment" provision of 42 U.S.C. Sec. 407. This court rejected the argument that the anti-assignment provision of Sec. 407 was implicitly repealed. A detailed analysis of Buren, which need not be repeated herein, is fully applicable to the "rights" provision of Sec. 407.
 
 
 28
 Further, as observed in Buren, Congress has amended Sec. 407 as Sec. 407(a) and adding a new subsection, Sec. 407(b), which provides:
 
 
 29
 (b) No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supercede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
 
 
 30
 Pub.Law 98-21, 335, 97 Stat. 65, enacted April 20, 1983. Congress, therefore, has unequivocally reaffirmed that Sec. 407 means what it says. This reaffirmation probatively follows in the wake of In re Neavear, 674 F.2d 1201 (7th Cir.1982), and numerous bankruptcy court decisions, referenced in the majority's discussion, which adjudged that "rights" did not inure to the benefit of the Secretary or, alternatively, that such rights were repealed by the Bankruptcy Reform Act of 1978.
 
 
 31
 Construction of the provisions of Subchapter II in pari materia leads to the inescapable conclusion that "rights" appearing in Sec. 407 includes all rights incorporated in Subchapter II including the right of the Secretary to recoup overpayments. 42 U.S.C. Sec. 404(a)(1). The mandate of Sec. 407 has not been effected or repealed by the Bankruptcy Reform Act of 1978. Buren, supra. Accordingly, the Secretary's right to recoup overpayments made to Rowan is not subject to the operation of bankruptcy law, and the Secretary is entitled to recoup the overpayments through future decreased benefits irrespective of Rowan's discharge in bankruptcy.
 
 
 32
 Rowan was not entitled to the overpayment made by the Secretary in 1979. To permit his retention of those funds would enrich him beyond his rights. As a result of this enrichment there arose a constructive trust in the overpayments favoring the Secretary. Having knowingly received overpayments, Rowan had a fiduciary duty to return the money to the government. Overpayments knowingly retained by a putative beneficiary constitute a breach of that fiduciary duty and creates an obligation to return the overpayments to the Secretary. Section 523(a)(4) of Title II enumerates obligations thus constituted as nondischargeable in bankruptcy:
 
 
 33
 (a) A discharge under ... this title does not discharge an individual from any debt--
 
 
 34
 * * *
 
 
 35
 * * *
 
 
 36
 (4) for fraud or defalcation while acting in a fiduciary capacity....
 
 
 37
 Retention of the overpayments is at least a defalcation which can not be extinguished in bankruptcy. In my view, Congress intended that such overpayments be recouped.
 
 
 38
 Accordingly, the decision of the lower court should be reversed.
 
 
 
 *
 HONORABLE EDWARD H. JOHNSTONE, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The Secretary may not decrease future payments to recoup an overpayment if the person receiving the overpayment "is without fault [and] if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. Sec. 404(b). The recipient is "without fault" if he was unaware that he was being overpaid or that the information resulting in the overpayment was incorrect provided that his ignorance was reasonable. 20 C.F.R. Sec. 404.507. Recoupment would "defeat the purpose" of the subchapter if it would "deprive a person of income required for ordinary and necessary living expenses." Id. Sec. 404.508(a). Recoupment would be "against equity and good conscience" if the recipient shows that he detrimentally relied on the Secretary's representation that he was entitled to benefits. Id. Sec. 404.509
 
 
 [2]
 A recipient is entitled to a pre-recoupment oral hearing on whether the Secretary should "waive" recoupment. Califano v. Yamasaki, 442 U.S. 682, 692-97, 99 S.Ct. 2545, 2553-54, 61 L.Ed.2d 176 (1979). If unsuccessful, he may obtain review of the decision both as to whether there has been an overpayment and whether the overpayment should be "waived." 20 C.F.R. Sec. 404.929. Review may then be sought before the Appeals Council, id. Sec. 404.967, and finally in the federal district courts, 42 U.S.C. Sec. 405(g)
 
 
 [3]
 The rule states:
 Notices to the United States. Copies of notices required to be mailed to all creditors under these rules shall be mailed ... (2) whenever the schedules, the list of creditors, or any other paper filed in the cases discloses a debt to the United States other than one for taxes, to the United States Attorney for the district in which the case is pending and, if disclosed by the filed papers, to the department, agency or instrumentality of the United States through which the bankrupt became so indebted.
 (Emphasis added.)
 
 
 [4]
 The dissent in this case assumes that the "right" of an individual claimant to receive benefits under the Social Security Act is necessarily coterminous with the Secretary's right to recoup payment, and that for purposes of Sec. 207 of the Act, the assumed right of recoupment is "indivisible" from the recipient's right to benefits. Nowhere is there authority presented for this proposition and the language of Sec. 207 (42 U.S.C. Sec. 407) indicates to the contrary
 
 
 [5]
 The exceptions include certain taxes, debts created by fraud, unlisted debts, the proceeds of embezzlement or larceny, alimony or child support obligations, compensation for willful and malicious injury, fines, government-insured student loans, and debts for which discharge was waived or denied in a prior case
 
 
 [1]
 The only exception appears in (b) of the above:
 (b) In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.
 42 U.S.C. Sec. 404(b). This exception is inapplicable to the case at bar.