WELLFORD, Circuit Judge.
The Social Security Administration appeals the Bankruptcy Court’s determination that the Administration’s right to recover an overpayment of benefits was properly discharged in bankruptcy. The Administration argues that its right to recover the benefits is exempted from the operation of the bankruptcy laws by § 207 of the Social Security Act, 42 U.S.C. § 407(a). It also argues it was not properly notified of the bankruptcy proceedings. The judgment is affirmed.
On November 7, 1980, the Administration informed debtor, James A. Rowan, that he had earned income during 1979 in excess of the level to qualify for the social security benefits he had received during that year. The Administration informed Rowan of its authority to recoup the overpayment by decreasing his future benefits until the overpayment had been recovered in full. See 42 U.S.C. § 404(a)(1). It also informed him of his right to request a waiver of recoupment.[1] Rowan requested *1054 a waiver on November 24, 1980, but the request was denied the following February. The Administration informed Rowan that the overpayment would be recovered by deducting $69 from his future monthly benefit checks unless he successfully appealed the Administration’s determination.[2]
Before the Administration had made its initial decision on Rowan’s request for a waiver, Rowan filed for relief under Chapter 7 of the Bankruptcy Reform Act, 11 U.S.C. § 701 et seq. Rowan did not list the Administration as a creditor originally. In March 1981, the Department of Health and Human Services was added by amendment as a creditor in the amount of $2,269 by reason of “overpayment ... during 1979/80.” William Driver, Commissioner of the Administration; Robert Gross, Jr., Acting Director of Operations of the Administration; and Howard Morgan, District Director of the Administration at Akron, Ohio, as well as the Department of Health and Human Services, were served with the amendment, but the United States Attorney for the Northern District of Ohio was not served as required by rule 203(g) of the bankruptcy rules then in effect.[3] Neither Driver, Gross, nor Morgan were persons designated by the Administration to receive process, see 45 C.F.R. § 4.1, and the Administration did not file a timely proof of claim or object to discharge of Rowan’s debt. Rowan was granted a discharge, but the Administration continued to withhold $69 a month by way of recoupment. Rowan then instituted this proceeding to declare the discharge of the overpayment debt.
Before the bankruptcy court, the Administration contended that the overpayment was not dischargeable under § 207 of the Social Security Act, 42 U.S.C. § 407(a), that Rowan had failed to exhaust his administrative remedies, that jurisdiction was barred by the doctrine of sovereign immunity, and that the notice procedures used in the bankruptcy proceedings were insufficient. The bankruptcy court rejected each of the Administration’s arguments. See Rowan v. Morgan, 15 B.R. 834 (Bankr.N.D. Ohio 1981). On appeal, the Administration has abandoned its exhaustion and sovereign immunity arguments.
Section 207 of the Social Security Act, 42 U.S.C. § 407(a), provides as follows:
... The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
The Administration argues that the reference in § 207 to “rights existing under this subchapter” refers not only to the rights of social security recipients, but also to the rights of the agency itself, including the Administration’s right to recoup overpay-ments such as those involved in this case. The contention that § 207 was intended to provide the Administration with a blanket exemption from the operation of the bankruptcy laws in this context, however, has been rejected by the only court of appeals to address the issue. See Neavear v. *1055 Schweiker, 674 F.2d 1201 (7th Cir.1982). As the Neavear court noted:
[T]he Secretary relies solely on the language of the statute. He offers no reasons of policy to explain why Congress supposedly gave the [Administration] rights enjoyed by no other creditor, and he does not point to any legislative history supporting his sweeping interpretation. Above all, however, the Secretary’s argument must fail because it asks us, in construing the reference to “rights” in section 207, to disregard the surrounding text. Section 207 speaks throughout in terms of the rights of social security recipients (the rights to “future payment,” and to “moneys paid or payable”) and the protection of their benefits from the reach of creditors (through “execution, levy, attachment, garnishment, or other legal process”).
674 F.2d at 1205 (footnotes omitted) (emphasis in original); see also Lee v. Schweiker, 25 B.R. 135, 137-38 (Bankr.E.D.Pa.1982); Hawley v. United States, 23 B.R. 236, 238-39 (Bankr.E.D.Mich.1982). Because § 207 is designed to protect social security recipients rather than the Social Security Administration, we must reject the Administration’s argument.[4]
Rowan argues that his debt to the Administration was properly discharged here even assuming that § 207 of the Social Security Act excluded the Administration’s right to recoup overpayments from the operation of the bankruptcy laws. Rowan argues that the social security exclusion has been repealed by implication by the Bankruptcy Reform Act, 11 U.S.C. § 727(b). That statute permits discharge of “all debts” unless the debts are listed in 11 U.S.C. § 523; social security overpayments are not so listed.[5] Several courts have accepted the argument that the Bankruptcy Act repeals § 207 of the Social Security Act. See In re Greene, 27 B.R. 462, 464-65 (Bankr.E.D.Va.1983); In re Buren, 6 B.R. 744 (Bankr.M.D.Tenn.1980); In re Craig, 15 B.R. 712 (Bankr.W.D.N.C.1982); In re Hughes, 7 B.R. 791 (Bankr.E.D.Tenn.1980); In re Penland, 11 B.R. 522 (Bankr.N.D.Ga.1981); In re Williams, 13 B.R. 640 (Bankr.E.D.Wash.1981). In light of the construction given § 207 of the Social Security Act here, Rowan’s implied repeal argument need not be addressed. See Neavear, 674 F.2d at 1206-07 (declining to reach the repeal-by-implication argument after determining that § 207 of the Social Security Act did not exempt overpayment debts from discharge). We simply note that repeals by implication are not favored generally. See, e.g., Tennessee Valley Authority v. Hill, 437 U.S. 153, 189-90, 98 S.Ct. 2279, 2299-30, 57 L.Ed.2d 117 (1978); Radzanover v. Touche Ross & Co., 426 U.S. 148, 153-54, 96 S.Ct. 1989, 1992-93, 48 L.Ed.2d 540 (1976).
As the Seventh Circuit noted, the conclusion that § 207 poses no obstacle to a debt- or seeking discharge of an overpayment debt “does not ... mean that every social security recipient who receives, not without fault, an overpayment of benefits may escape his duty to repay those benefits by means of a quick discharge in bankruptcy.” Neavear, 674 F.2d at 1206. The government will remain free to argue in cases like this that an overpayment debt should not be discharged for other reasons. For example, 11 U.S.C. § 523(a)(2)(A) provides that debts arising from transactions involving “false pretenses, a false representation, or actual fraud” are not dischargeable. The government therefore retains the means to recover debts in these same cir *1056 cumstances available to other creditors. We trust that the government will actively pursue these other grounds, where applicable, to foreclose improper discharges by overpaid social security beneficiaries.
While Rowan failed to comply with the notice requirements in this bankruptcy proceeding, we find that such failure does not require reversal because no prejudice has been demonstrated as a consequence by the government. Aside from the argument previously rejected concerning § 207 of the Social Security Act, the Administration has indicated in its argument nothing that would have justified the refusal to discharge the overpayment debt in this case. Indeed, the parties stipulated before the bankruptcy court that Rowan had not committed fraud in connection with the benefit overpayments.
Accordingly, the judgment of the bankruptcy court is AFFIRMED.

. The Secretary may not decrease future payments to recoup an overpayment if the person receiving the overpayment "is without fault [and] if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.” 42 U.S.C. § 404(b). The recipient is "without fault” if he was unaware that he was being overpaid or that the information resulting in the overpayment was incorrect provided that his ignorance was reasonable. 20 C.F.R. § 404.507. Recoupment would "defeat the purpose” of the subchapter if it would "deprive a person of income required for ordinary and necessary living expenses.” Id. § 404.508(a). Recoupment would be "against equity and good conscience” if the recipient shows that he detrimentally relied on the Secretary’s representation that he was entitled to benefits. Id. § 404.509.

. A recipient is entitled to a pre-recoupment oral hearing on whether the Secretary should "waive" recoupment. Califano v. Yamasaki, 442 U.S. 682, 692-97, 99 S.Ct. 2545, 2553-54, 61 L.Ed.2d 176 (1979). If unsuccessful, he may obtain review of the decision both as to whether there has been an overpayment and whether the overpayment should be "waived.” 20 C.F.R. § 404.929. Review may then be sought before the Appeals Council, id. § 404.967, and finally in the federal district courts, 42 U.S.C. § 405(g).

. The rule states:
Notices to the United States. Copies of notices required to be mailed to all creditors under these rules shall be mailed ... (2) whenever the schedules, the list of creditors, or any other paper filed in the cases discloses a debt to the United States other than one for taxes, to the United States Attorney for the district in which the case is pending and, if disclosed by the filed papers, to the department, agency or instrumentality of the United States through which the bankrupt became so indebted.
(Emphasis added.)

. The dissent in this case assumes that the "right” of an individual claimant to receive benefits under the Social Security Act is necessarily coterminous with the Secretary’s right to recoup payment, and that for purposes of § 207 of the Act, the assumed right of recoupment is "indivisible” from the recipient's right to benefits. Nowhere is there authority presented for this proposition and the language of § 207 (42 U.S.C. § 407) indicates to the contrary.

. The exceptions include certain taxes, debts created by fraud, unlisted debts, the proceeds of embezzlement or larceny, alimony or child support obligations, compensation for willful and malicious injury, fines, government-insured student loans, and debts for which discharge was waived or denied in a prior case.